UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | <u>FILED UNDER SEAL</u> |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| **Defendant** | : | |

## MOTION TO SEAL COMPLAINT AND ARREST WARRANT

The United States of America, by its attorneys, the Acting Chief of the Fraud Section and the Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, hereby moves the Court to seal the Complaint and Affidavit in the above-captioned matter, the Arrest Warrant, this Motion to Seal, and the Court's Order regarding the Motion to Seal. In support of its motion, the Government states as follows:

The complaint in this case charges DAVID HOSSEIN SAFAVIAN, a Presidentially appointed and Senate-confirmed official with the Office of Management and Budget, with obstructing an investigation by the General Services Administration Office of Inspector General ("GSA-OIG"), and making false statements to both a GSA-OIG special agent as well as to a GSA ethics officer. Given Safavian's Presidentially appointed position, the instant case may be a matter of media interest. There is a risk that if the Complaint and Affidavit are not sealed, the news media may report on this matter prior to the planned execution of the Arrest Warrant.

Premature disclosure of the existence of the Complaint and Affidavit could cause Safavian to flee or otherwise attempt to avoid arrest. Premature disclosure may result in increased danger to those assigned to affect the arrest.

Under these circumstances, it is reasonable to conclude that the Complaint and Affidavit

should be sealed until the arrest team has located Safavian. This should occur in the near future.

The government proposes that upon Safavian's arrest, the Complaint and Affidavit would be unsealed. This procedure represents a reasonable balance between the common law qualified right of access to judicial records and the government's compelling interest in preserving the integrity of a federal criminal investigation and the safety of its investigators. See In the Matter of Eyecare Physicians of America, 100 F.3d 514, 517 (7th Cir. 1996); In the Matter of the Application and Affidavit for a Search Warrant, The Washington Post Co. v. Hughes, 923 F.2d 324, 326-327 (4th Cir. 1991). See also Washington Post v. Robinson, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991) (acknowledging that the government's demonstration of a compelling interest in confidentiality may justify postponing the entry on the public document of any pleading regarding a plea agreement, to which there is a First Amendment right of access).

WHEREFORE, the government respectfully requests that the Court enter an Order sealing the Complaint and Affidavit in the above-captioned matter, the Arrest Warrant, this Motion to Seal, and the Court's Order to seal, for a period of thirty days, until Safavian is arrested, or until further Order of the Court.

Respectfully submitted,

PAUL E. PELLETIER, Acting Chief
Fraud Section
Criminal Division
U.S. Department of Justice

NOEL L. HILLMAN, Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

By: /s/

M. Kendall Day
Nathaniel B. Edmonds
Trial Attorneys
1400 New York Ave, NW
Washington, D.C. 20005
(202) 514-1412 / 307-0629

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : CRIMINAL NO. |
| v. | : |
| | : <u>FILED UNDER SEAL</u> |
| **DAVID HOSSEIN SAFAVIAN** | : |
| **Defendant** | : |

## ORDER

Upon consideration of the government's Motion to Seal and for the reasons stated therein, it is hereby

ORDERED, that the Complaint and Affidavit in the above-captioned matter, the Arrest Warrant, the government's Motion to Seal, and this Order shall be SEALED and that this Order will remain in effect for a period of thirty days from today, until Safavian is arrested, or until further Order of this Court.

Dated this ____ day of September, 2005.

_____
United State Magistrate Judge